**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**


Brenda K. Taite


    v.                                                Civil No. 08-cv-258-SM

James B. Peake, Secretary,
Department of Veteran Affairs


**O R D E R**

Plaintiff Brenda K. Taite has moved to amend her complaint (document no. 9). Defendant objects, contending the motion to amend should be denied based on futility.

Plaintiff is entitled once as a matter of course to amend the complaint before a responsive pleading is filed. See Fed. R. Civ. P. 15(a)(1)(A). Because defendant has not yet answered the complaint but has filed a motion to dismiss, plaintiff could have filed an amended complaint without seeking leave to do so from the court. See id.; see also Fed. R. Civ. P. 12(b) (requiring motions to dismiss under Rule 12(b) to be filed before the responsive pleading is filed); Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 59 (1st Cir. 1990) (explaining a Rule 12(b) motion to dismiss is not a responsive pleading). Defendant argues that, despite plaintiff's right to amend the complaint

once before an answer is filed, because plaintiff sought leave to amend, she opened the door to the court's review of the proposed amendment.  Defendant cites Correa-Martinez, 903 F.2d at 59, in support of this position.  See Def.'s Obj. at 2 (document no. 10).

    I am not persuaded that Correa-Martinez stands for the proposition that plaintiff's decision to seek leave to file her Rule 15(a)(1)(A) amendment, rather than simply filing it, enables the court to deny the amendment based on futility.  In Correa-Martinez, the request to amend the complaint was "offhandedly inserted . . . in [the plaintiff's] opposition" to defendant's motion to dismiss.  Id. at 59 n.9.  The district court granted defendant's motion to dismiss without addressing the request to amend.  See id. at 51.  Plaintiff did not file either an amended complaint or a motion for leave to file an amended complaint, but appealed the dismissal, arguing the district court had abused its discretion by not granting the request to amend.  In affirming the dismissal, the court actually reviewed the suggested amendments and recognized that they would have been futile. Given the plaintiff's failure to fully present the issue to the district court and the posture of the case, the court found that

the district court had not abused its discretion in declining to rule on the request to amend.  See id. at 59 & n.9.

By contrast, plaintiff here has timely and fully presented her request to amend the complaint to the court.  The federal rule is explicit:  "a party may amend its pleading once as a matter of course before being served with a responsive pleading."  Fed. R. Civ. P. 15(a)(1)(A).  "Even if the court will ultimately dismiss a plaintiff's claim, the plaintiff has the right to amend at least once, especially after paying a partial filing fee."  3 Moore's Fed. Practice, § 15.10 (3rd ed. 2008) (citing authority).  "The district court has no discretion to reject an amended pleading filed before a responsive pleading is served, even if the court considers the amendment futile."  Id. § 15.11 (citing authority).

While this authority is more than sufficient to direct my decision, I also note that were I to deny plaintiff's motion as futile, it would result in her claim being dismissed.  That matter has not been referred to me, pursuant to 28 U.S.C. § 636(b)(1)(B), for a Report and Recommendation.  The appropriate course to follow is to allow plaintiff's amendment to her complaint, to treat defendant's objection to the motion to amend

as a motion to dismiss, and to treat plaintiff's reply to defendant's objection as an objection to defendant's motion to dismiss. See Vitrano v. United States, __ F. Supp. 2d ___, 2008 WL 1752221, *2 (S.D.N.Y. Apr. 16, 2008) (allowing amendment to complaint filed before responsive pleading filed and treating objection thereto as a motion to dismiss the amended claims). Defendant's objection/motion to dismiss (document no. 10) shall be decided by Judge McAuliffe, the district court judge assigned to this case.

Accordingly, I grant plaintiff's motion to amend the complaint (document no. 9), and the amended complaint shall be the controlling pleading in the case.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date:   January 9, 2009

cc:     Brenda K. Taite, pro se
        Seth R. Aframe, Esq.